UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICKY BILLS, #136523,

        Plaintiff,                               Case No. 15-cv-11415

v.                                          Honorable Thomas L. Ludington

DANIEL HEYNS, et al.,

        Defendants.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

Plaintiff Ricky Bills is a state prisoner incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. He asserts claims under 42 U.S.C. § 1983. Plaintiff alleges that he was denied due process during a prison misconduct proceeding that arose out of an incident at the Adrian Correctional Facility in Adrian, Michigan. Plaintiff names four defendants, all employees of the Michigan Department of Corrections. Plaintiff seeks declaratory and monetary relief. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**I.**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations,

*Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**II.**

Plaintiff challenges a prison misconduct proceeding that resulted in a conviction. A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicated a liberty interest of the prisoner. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court prescribed certain minimal procedural safeguards that must be followed before depriving a prisoner of good-time credits on account of alleged misbehavior. This decision did not create a right to due process that attaches to all prison disciplinary proceedings. Rather, the Supreme Court recognized that due process is implicated only when a prisoner loses good-time credits and where the good time credits create a right to a shorter sentence. When a prisoner does not lose good-time credits or when good-time credits are simply one factor considered by the parole board, a prisoner does not have a liberty interest in the credits. Plaintiff does not allege the loss of good-time credits. Therefore, the procedural protections established in *Wolff* are not implicated.

Even absent a due process interest in the procedures by which good-time credits are lost, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). From the information contained in the complaint, it appears that Plaintiff's misconduct proceeding resulted in the loss of some of his property because he was found to have property in excess of that allowed under prison policy. Property interests "do not derive from the Constitution," but are created and defined by state law. *Brock v. McWherter*, 94 F.3d 242, 244–245 (6th Cir. 1996). State regulations do not create protected property interests unless the loss of the relevant property imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (*quoting Sandin*, 515 U.S. at 484). The property restriction does not implicate Plaintiff's right to due process because Plaintiff does

not have a protected liberty or property interest in having an unlimited amount of property in his cell, and such a restriction is not a significant and atypical hardship. *See Morrison v. Garraghty,* 239 F.3d 648, 658 (4th Cir. 2001) (having "little doubt" that a state prison regulation that "limits the possession of personal property by prison inmates is designed to serve legitimate safety and security concerns"); *Friend v. Chapleau,* No. 95–5628, 1995 WL 607835, at *2 (6th Cir. Oct. 13, 1995) (holding that the defendant did not have a constitutional right to possess unlimited amounts of property); *Blanton v. Caruso*, No. 1:10-cv-1187, 2011 WL 202094 (W.D. Mich. Jan. 19, 2011) (same).

Moreover, the negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986) (ruling that negligence does not amount to a "deprivation" implicating due process). To maintain a § 1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Plaintiff has not alleged or shown that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. Plaintiff has an adequate remedy in the state courts. *See Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995). Thus, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED with prejudice**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**. An appeal would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: November 5, 2015                                   s/Thomas L. Ludington
                                                                              THOMAS L. LUDINGTON
                                                                              United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 5, 2015.

                                                    s/Michael A. Sian
                                                    MICHAEL A. SIAN, Case Manager

---